IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALEX GU,

                    Plaintiff,

          v.

BANK OF AMERICA,

                    Defendant.

Case No. 11 C 6290

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

For the purposes of this motion, the Court accepts as true the facts pleaded in the Complaint.  According to Plaintiff, he applied to modify his Bank of America mortgage under the Home Affordable Modification Program ("HAMP") in March 2009.  Such loan modifications permit qualifying individuals to reduce their mortgage payments to 31 percent of their income.  Evidently, Plaintiff's application was initially approved and he was allowed to begin making trial payments at the lower rate.  Individuals who successfully complete their trial period, and otherwise prove that they are qualified for the program, are eligible to modify their loans permanently.

Plaintiff alleges that he submitted all of the required financial documents and successfully made 21 trial payments – well more than what should have qualified him to permanently modify his

loan.  However, on both July 30, 2010 and September 2, 2010, Bank of America ("the Bank") denied his request for a permanent modification on the grounds that his application was incomplete. Plaintiff claims that he followed up with the Bank, trying to remedy the situation, all the while continuing to make mortgage payments at the lower trial rate.  He contends that both he and his counsel received conflicting information from the Bank, but that he was generally assured that the Bank had received all necessary information.  Plaintiff's application was denied again on July 27, 2011, on the grounds that his application was incomplete.

In August 2011, the Bank filed a foreclosure action in Will County, Illinois.  On September 9, 2011, Plaintiff filed his Complaint in federal court.  He subsequently amended his Complaint on October 24, 2011, dropping his request that this Court enjoin the foreclosure action.  Defendant has now moved to dismiss the Complaint under the *Younger* abstention doctrine.

## II.  LEGAL STANDARD

In considering a motion to dismiss, the Court accepts Plaintiffs' well-pleaded factual allegations as true, and draws all inferences in their favor.  *Anchor Bank, F.S.B. v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).  It construes *pro se* pleadings liberally. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005).

District Courts have diversity jurisdiction when a case arises between citizens of different states and the amount in dispute

exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Bank does not dispute that diversity jurisdiction exists, but asks this Court to invoke the *Younger* abstention doctrine.  *Younger* requires federal courts to abstain from enjoining ongoing state proceedings that "(1) [are] judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances — like bias or harassment — exist which auger against abstention." *FreeEats.com, Inc. v. Indiana,* 502 F.3d 590, 595-96 (7th Cir. 2007).

*Younger* is one of several doctrines that will bar litigation in federal court if there is a parallel state court case.  One other such doctrine is referred to as *Colorado River* abstention. *Sverdrup Corp. v. Edwardsville Cmty. Unit School Dist. No. 7,* 125 F.3d 546, 548 (7th Cir. 1997).  Under *Colorado River*, a District Court may abstain from hearing a case where there is a parallel state proceeding and the Court finds that exceptional circumstances warrant abstention. *Id*.

### III.  DISCUSSION

#### A.  Motion for Default Judgment

As an initial matter, Plaintiff has filed a second Motion for Default Judgment, alleging that the Bank has taken too long to answer his Complaint.  However, on October 19, 2011 this Court granted the Bank's Motion for an Extension of Time, giving them

until November 16, 2011 to answer or otherwise plead in response to the Complaint. Defendant filed its motion to dismiss on November 14, 2011. Accordingly, although the Bank has not filed an Answer, it is not in default. Plaintiff's Motion for Default Judgment [DKT #16] is denied.

## B. Removal

In his response to the Motion to Dismiss, Plaintiff endeavors to invoke this Court's removal jurisdiction. However, the thirty-day window for removing the state case on diversity grounds has long since expired. *See* 28 U.S.C. § 1446. Although Plaintiff filed this action in federal court within 30 days of receiving the state court complaint, he did not mention removal until his January 2012 response to the motion to dismiss. Although the statutory removal procedures are not jurisdictional, they are strictly construed. *Boruff v. Transervice, Inc.*, 10-CV-00322, 2011 WL 1296675, at*3-5 (N.D. Ind. March 30, 2011). *See also, Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000) (any doubts about the propriety of removal should be resolved against removal). Plaintiff accordingly did not properly remove the foreclosure action, and the removal statutes are not a basis for this Court to retain jurisdiction.

## C. *Younger* Abstention

Defendant asks this Court to dismiss this case on *Younger* abstention grounds. However, Plaintiff's Amended Complaint dropped

- 4 -

his request for injunctive relief.  Because Plaintiff does not ask this Court to enjoin a parallel state proceeding, *Younger* affords no reason to abstain here.

### D. *Colorado River* Abstention

The *Colorado River* abstention doctrine indicates that when a parallel case is proceeding in state court, a federal court may decline jurisdiction in exceptional circumstances. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); *Sverdrup Corp. v. Edwardsville Cmty. Unit School Dist. No. 7,* 125 F.3d 546, 548 (7th Cir. 1997).  Thus, there is a judicially recognized exception to federal courts' obligation to exercise whatever jurisdiction they may have.  *Sverdrup,* 125 F.3d at 548. The Seventh Circuit has identified 10 factors relevant to the *Colorado River* inquiry:

- the difficulties of a state and federal court assuming jurisdiction over the same *res*;

- the relative inconvenience of the federal forum;

- the need to avoid piecemeal litigation;

- the order in which the cases were filed;

- whether state or federal law provides the rule of decision;

- whether the state action protects the federal plaintiff's rights;

- the relative progress of the cases;

- the presence or absence of concurrent jurisdiction;

- the availability of removal; and

- the vexatious or contrived nature of the federal claim.

*Sverdrup,* 125 F.3d at 548-50. These factors are not merely a checklist, however. *Id.* at 550. The overarching consideration is that District Courts must have excellent reasons to justify not exercising their jurisdiction. I*d.*

### 1. *Parallel Actions*

To be parallel, two actions need not be identical, but must involve substantially the same parties and issues. *Pieleanu v. Mortgage Electronic Registration Systems, Inc.*, No. 08 C 7404, 2010 WL 1251445, at *1 (N.D. Ill. March 24, 2010). Here, the parties are identical in the two cases. Furthermore, Plaintiff's answer in state court duplicates his federal complaint almost verbatim. The only significant differences between the two cases are that Plaintiff asks the state court to stop the foreclosure, and that he seeks $880,000 in punitive damages in the federal action but only $75,000 in state court. Despite these two differences, the two courts are being asked to decide essentially identical legal issues, and letting both cases proceed to judgment thus risks inconsistent outcomes. *See id.* at *3. The two cases are clearly parallel.

## 2. *Extraordinary Circumstances*

The majority of the *Sverdrup* factors weigh in favor of abstention here. Judicial economy weighs strongly in favor of avoiding piecemeal litigation and, as discussed above, abstention would mitigate the risk of inconsistent outcomes. The state court case was filed first, has proceeded at least through the answer stage (and thus is further along than this case). State law would appear to provide the relevant rules of decision, as Plaintiff alleges that the Bank breached its contract with the federal treasury, committed fraud under Illinois law, and was unlawfully negligent handling HAMP applications.

Plaintiff seems to argue that the state court cannot protect his rights because it lacks jurisdiction over the Bank. However, diversity jurisdiction is not exclusive. Though not a "citizen" of Illinois, the Bank was already a party to the state court action, and thus would remain subject to that court's jurisdiction on Plaintiff's counterclaims. In any event, Illinois' expansive long-arm jurisdiction statute almost certainly reaches the Bank in this case. *See* 735 Ill. Comp. Stat. 5/2-209. Accordingly, the state court appears to be an adequate forum to vindicate Plaintiff's claims.

As to the remaining factors, the Court concluded above that removal is unavailable here. Plaintiff's federal action, while ill-advised, does not appear to be vexatious or contrived. None of

the other factors appear to cut strongly either against or in favor of abstention. Overall, the Court concludes that this case presents exceptional circumstances making it manifestly inappropriate to exercise federal jurisdiction over Plaintiff's claims.

Under *Colorado River*, however, the appropriate remedy is to stay, rather than dismiss, the action. *Pieleanu,* 2010 WL 1251445 at *4. Accordingly, this Court will stay this action pending the outcome of the state court proceeding.

## IV.    CONCLUSION

For the reasons stated herein, the Court denies Defendant's Motion to Dismiss, but orders the case stayed until the resolution of the parallel state case.


**IT IS SO ORDERED.**

_____
     Harry D. Leinenweber, Judge
     United States District Court

**DATE:**2/8/2012